UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00873-GNS-DW

WILLIAM R. SAWYERS                                                                                                    PLAINTIFF

v.

UNITED STATES OF AMERICA                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Judgment (DN 8) and Defendant's Motion to Dismiss (DN 11). The matter is ripe for adjudication. For the reasons detailed below, Plaintiff's Motion for Judgment is **DENIED** and Defendant's Motion to Dismiss is **GRANTED**.

## I.  BACKGROUND

William Sawyers ("Sawyers") filed his *pro se* Complaint in this Court against Ms. Fentress (incorrectly identified in the complaint as "Ms. Festurs") and Ms. Ruckers alleging that the Internal Revenue Service ("IRS") violated his rights by denying his request to enroll in the Fresh Start Program, an IRS tax repayment program. (Compl. ¶ 1, DN 1). Sawyers submitted several offers in compromise to the IRS in the past five years. (Pl.'s Mot. for J. Ex. 1, 2, DN 8-1). His most recent offer in compromise was rejected due to an error in the IRS records that reflected a previous offer in compromise as still pending. (Compl. ¶ 4).

On December 10, 2015, Sawyers filed this action alleging that IRS employees intentionally misrepresented that his previous offer in compromise was still pending in order to reject his offer in compromise and therefore deny his participation in the Fresh Start Initiative.

(Compl. ¶ 4). In the Complaint, he seeks relief in the form of an order compelling the IRS to accept his offer in compromise, release of the federal tax liens filed against him, a recovery of his administrative costs, and to have his credit rating restored. (Compl. ¶ 5).

On June 21, 2016, Sawyers moved for judgment reiterating the claims in the Complaint.[1] (Pl.'s Mot. for J. DN 8). On August 15, 2016, the United States then moved to dismiss the action on the basis of insufficient service of process, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction. (Def.'s Mot. to Dismiss, DN 11).

## II.     DISCUSSION

### A.     Subject Matter Jurisdiction

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case . . . ." *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir.1998), *abrogation on other grounds recognized by Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (citations omitted). "A motion to dismiss on the basis that plaintiff's claim is barred by sovereign immunity is a motion to dismiss for lack of subject matter jurisdiction." *Pyramid Mining, Inc. v. The Hoke Co.*, No. CIV.A.95-CV-0010-M, 1997 WL 1037975, at *1 (W.D. Ky. Oct. 6, 1997). The party asserting jurisdiction has the burden of proof in a motion to dismiss for lack of subject matter jurisdiction. *Id*. (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)).

In this case, the Court lacks subject matter jurisdiction because there has been no waiver of sovereign immunity by the United States. *See Pyramid Mining, Inc.*, 1997 WL 1037975, at *1

---

[1] The United States subsequently moved to substitute the United States as a the defendant in this matter and Magistrate Judge Whalin issued an order on August 9, 2016 granting the United States' motion. (Order, DN 10).

2

("[I]t is well-established that the United States may not be sued absent an effective waiver of its sovereign immunity. The consent of the United States can only derive from an Act of Congress which explicitly waives immunity." (citing *United States v. Testan*, 424 U.S. 392, 399 (1976))). The only possible basis in this action of a waiver of sovereign immunity alleged in the Complaint is 26 U.S.C. § 7433, which provides limited waiver of sovereign immunity for suits by taxpayers, for damages, against the United States in circumstances where, "in connection with any *collection* of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title . . . ." 26 U.S.C. § 7433(a) (emphasis added). "[S]ection 7433's limited waiver of sovereign immunity must be read narrowly." *Portsmouth Ambulance, Inc. v. United States*, 943 F. Supp. 2d 806, 813 (S.D. Ohio 2013) (alteration in original) (citation omitted).

Sawyers' claim falls outside Section 7433's waiver of sovereign immunity because his claim does not implicate the statute's prohibition against collection activity that disregards provisions of, or regulations under, the Internal Revenue Code. *See Spahr v. United States*, 501 F. Supp. 2d 92, 96 (D.D.C. 2007) (dismissing *pro se* taxpayer's claims against IRS because the complained of actions did not involve collection activity and therefore fell outside of Section 7433's limited waiver of sovereign immunity). Sawyers argues that an intentional error in the IRS records showing that a previous offer in compromise had yet to be processed "prevent[ed] [Sawyers] latest [offer in compromise] from being processed." (Compl. ¶ 2). Sawyers asserts "[f]urther, the findings show and prove dishonesty by the IRS, and that IRS procedures were not at all followed regarding my settlement attempts [with the OIC]." (Pl.'s Mot. for J. 1).

Essentially, in his Complaint and motion, Sawyer is alleging that the IRS did not follow proper procedures when denying his offer in compromise.

IRS decisions and actions pertaining to offers in compromise are not considered to be collection activity under Section 7433. *See Addington v. United States*, 75 F. Supp. 2d 520, 524 (S.D.W. Va. 1999) ("Since compromising tax liabilities is purely discretionary, even if the IRS had summarily rejected plaintiffs' offer, it would not give rise to a claim for intentional or reckless violation of the Code."). *See also id.* ("Section 7122 clearly states that the Secretary may compromise any civil or criminal tax case prior to referral to the Department of Justice. The decision to accept or reject a compromise offer is discretionary and cannot be compelled by any action." (citation omitted)); *United States v. Ullman*, No. CIV.A. 01-0272, 2002 WL 987998, at *6 (E.D. Pa. May 8, 2002) ("Compromising tax liabilities is a purely discretionary activity and will not give rise to a claim for intentional, reckless or negligent violation of the Internal Revenue Code." (citing *Addington*, 75 F. Supp. 2d at 524)). Sawyers' allegations against the IRS do not pertain to collection activity and do not fall under the scope of Section 7433; thus, there is no waiver of sovereign immunity.

Additionally, Sawyers complains that he was prevented from participating in the Fresh Start Tax Program by the IRS' actions denying his offer in compromise. (Compl. ¶ 1). The Fresh Start Initiative is an IRS program which allows tax payers to benefit from installment agreements, relaxed rules regarding offers in compromise, and forbearance or withdrawal of federal tax liens. *See* I.R.S. News Release IR-2012-31 (Mar. 7, 2012). Decisions to allow taxpayers to participate in the Fresh Start Program by accepting their offers in compromise are completely discretionary and is not guaranteed by statute or regulation so that Sawyers cannot prove that an "officer or employee of the Internal Revenue Service recklessly or intentionally . . .

disregards any provision of this title . . . ." 26 U.S.C. § 7433(a). "A successful claim under § 7433 can only occur, therefore, when Title 26, or a regulation promulgated thereunder, is violated." *Sachs v. U.S. ex rel. I.R.S.*, 59 F. App'x 116, 118 (6th Cir. 2003). The decision to allow participation in the program is discretionary and the denial of the offer in compromise would not be a violation giving rise to a claim under Section 7433's protections. Accordingly, Sawyers' claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

It should be noted that the United States argues in its motion that this Court lacks subject matter jurisdiction over this matter because Sawyers failed to administratively exhaust his remedies before filing this lawsuit. In asserting this position, the United States ignores the Sixth Circuit holding in *Hoogerheide v. I.R.S.*, 637 F.3d 634 (6th Cir. 2011), in which that court "rejected the argument that the failure to exhaust administrative remedies is a jurisdictional defect." *Hunter v. United States*, No. 3:12-CV-144, 2012 WL 6002821, at *4 (W.D. Ky. Nov. 30, 2012) (citing *Hoogerheide*, 637 F.3d at 636-39). In *Hoogerheide*, the Sixth Circuit noted that an exhaustion requirement is typically an affirmative defense, rather than a jurisdictional defect. *Hoogerheide*, 637 F.3d at 638 (citing *Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit found that dismissal of the Section 7433 claim for failure to exhaust administrative remedies was warranted, however, because relevant letters demonstrating the plaintiff's failure to comply with the exhaustion requirement was attached to the complaint and incorporated therein. *Id*. at 639. Thus, a court can only dismiss for failure to comply with the exhaustion requirement if it is clear from the complaint that the plaintiff did not exhaust administrative remedies. *Hunter*, 2012 WL 6002821, at *5.

The United States argues that Sawyers has failed to waive sovereign immunity because he has not shown that he exhausted his administrative remedies. (Def.'s Mot. Dismiss 8). Contrary to the United States' argument, the Sixth Circuit has ruled the exhaustion requirement is not jurisdictional, thus it is irrelevant to a subject matter jurisdiction analysis that Sawyers did not allege exhaustion of his administrative remedies. Further, it is not apparent from the Complaint whether Sawyers did or did not exhaust his administrative remedies. For these reasons, the United States cannot use the affirmative defense of failure to comply with the exhaustion requirement as a basis for dismissal at this juncture.

The United States cannot rely on Sawyers' failure to exhaust his administrative remedies as a basis for dismissal; nevertheless, there has been no waiver of sovereign immunity in this action. Accordingly, the Complaint will be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

### B. Service of Process

Rule 12(b)(5) permits for the dismissal of a complaint when a Plaintiff fails to provide sufficient service of process. Fed. R. Civ. P. 12(b)(5). The United States argues that the individually named Defendants have not been properly served in this matter, and thus the dismissal of the complaint is warranted. Prior to the filing of the United States' motion, Magistrate Judge Whalin entered an order substituting the individually named Defendants for the United States. (Order). The Court recognizes that the record does not demonstrate that the United States has been properly served at this time. In order to properly serve the United States, a plaintiff must serve the United States Attorney for the district where the action is brought, the Attorney General of the United States in Washington, D.C., and the agency whose determination the plaintiff wishes to challenge. Fed. R. Civ. P. 4(i)(1).

Sawyers sent a certified copy of the summons and complaint to Ms. Fentress and Ms. Ruckers at the IRS's Centralized Offer In Compromise Unit in Memphis, Tennessee. (Compl. Ex. 1, DN 1-1). This does not satisfy Rule 4's requirements for service upon the United States. Nonetheless, the Court is considerate of Sawyers' role as a *pro se* plaintiff and of the fact that the United States was recently substituted as the defendant in this action in an order by Magistrate Judge Whalin. *See Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999) ("Furthermore, a *pro se* plaintiff is entitled to some degree of leniency in the application of Rule 4's 'to ensure that his case is justly resolved on the merits rather than on the basis of procedural technicalities to the extent possible.'" (quoting *Poulakis v. Amtrak*, 139 F.R.D. 107, 109 (N.D. Ill. 1991))). Ordinarily, the Court would allow additional time for Sawyers to properly serve the United States, especially in consideration of the Magistrate Judge's recent order. Nonetheless, this will not be necessary considering the lack of subject matter jurisdiction in this case, which rendered this issue moot.

### C. Personal Jurisdiction

The United States argues that this Court lacks personal jurisdiction over the individually named Defendants because service was not proper as to them. For the above discussed reason of the United States being substituted as the defendant in this matter by an Order issued by Magistrate Judge Whalin, this issue is moot.

### D. Failure to State a Claim

Having determined that the Court lacks subject matter jurisdiction, the Court declines to rule upon the United States' motion premised on Sawyers' failure to state a claim upon which relief may be granted. *See Glasscock v. Stapleton*, 898 F.2d 153, 1990 WL 27161, at *1 (6th Cir. 1990) ("A dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

7

relief could be granted is considered a decision on the merits with full res judicata effect." (citation omitted)). *See Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("Put bluntly, in the absence of jurisdiction, the court lacks the power to enter judgment." (citing 10A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 3713 (3d ed. 1998))). Nevertheless, considering that the Complaint does not allege any collection activity to bring his claim within the scope of Section 7433, it is doubtful that the Complaint states a claim under the same statute for the very same reasons. In consideration of the lack of subject matter jurisdiction, it is unnecessary to the Court to determine whether Plaintiff has stated a claim against the United States.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (DN 11) is **GRANTED**, and Plaintiff's Motion for Judgment (DN 8) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
December 12, 2016

cc: counsel of record
 Plaintiff, *pro se*